## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Mark Vedrani

    v.                                    Civil No. 09-cv-320-JL

New Hampshire Department of Corrections

### ORDER

Before the court is Mark Vedrani's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. As Vedrani is represented by counsel, the matter is before me to determine from the face of the petition whether to dismiss Vedrani's claims, or to direct service of the petition on the respondent. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules").

### Background

The following statement of facts and procedural history is derived from Vedrani's petition. In March 2008, Vedrani was convicted of one count of second degree assault under N.H. Rev. Stat. Ann. § 631:2, following a jury trial. Vedrani is currently on probation. Vedrani's trial counsel told him that he could not appeal his conviction, and Vedrani did not file a notice of appeal in the New Hampshire Supreme Court ("NHSC").

Thereafter, Vedrani obtained new counsel who filed two

motions to vacate his conviction, citing trial court errors, misleading jury instructions, and ineffective assistance of counsel.  The state trial court denied both motions, as well as Vedrani's motion to reconsider.  In addition, Vedrani filed a petition for a writ of habeas corpus in state court, asserting ineffective assistance of counsel, but that petition was denied. Vedrani appealed all of these post-conviction rulings to the NHSC, but the NHSC declined the appeals.

Vedrani's section 2254 petition challenges the validity of his conviction and sentence on the following bases:

1.   Vedrani received ineffective assistance of counsel, in violation of his rights under the Sixth and Fourteenth Amendments, because trial counsel:  (a) failed to file a notice of the affirmative defense of self-defense; (b) failed to consult with Vedrani regarding his theory of the case; (c) failed to request appropriate jury instructions; (d) failed to provide Vedrani with accurate information regarding his right to appeal; and (e) failed to file a notice of appeal.

2.   The jury instructions violated Vedrani's right to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments, in that (a) the instruction on the lesser included offense of simple assault included a higher mens rea than was charged in the indictment; and (b) the instructions omitted the lesser included offense of simple assault entered into by mutual consent.

3.   The denial of an evidentiary hearing on Vedrani's state post-conviction proceedings violated Vedrani's right to due process under the Fifth and Fourteenth Amendments.

2

<u>Discussion</u>

I.   <u>Proper Respondent</u>

Vedrani has named the New Hampshire Department of Corrections ("NH DOC"), as the respondent to his petition filed under 28 U.S.C. § 2254.  The proper respondent to a habeas corpus petition challenging the validity of continued, physical confinement is generally the person having day-to-day control over the petitioner.  See <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004).  A petitioner on probation, however, is not in physical confinement.  The "identification of the party exercising legal control . . . comes into play when there is no immediate physical custodian with respect to the challenged 'custody.'"  <u>Id.</u> at 439.

Here, Vedrani is a probationer, under the supervision of a probation officer within the NH DOC Field Services Division.  The advisory committee notes to Rule 2(b) of the § 2254 Rules indicate that the proper respondent in such cases is "the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate."  R. 2(b), § 2254 Rules adv. comm. note (1976 adopt.).  Accordingly, I direct Vedrani to file an amended

3

petition naming his probation officer and William Wrenn, NH DOC
Commissioner, as respondents.

II.  State Constitutional Claims

     Section 2254 confers jurisdiction on this Court to issue
"writs of habeas corpus on behalf of a person in custody pursuant
to the judgment of a State court . . . on the ground that he is
in custody in violation of the Constitution or laws or treaties
of the United States."  28 U.S.C. § 2254(a).  Because federal
habeas relief "does not lie for errors of state law," Estelle v.
McGuire, 502 U.S. 62, 67 (1991), any state law claim raised in
the petition, not implicating a claim of a violation of a right
arising under a federal law or the United States Constitution, is
not cognizable in this action.  I have construed Vedrani's claims
regarding his rights to effective assistance of counsel, due
process, and a fair trial as being asserted under the United
States Constitution.  His references to the New Hampshire
Constitution in his petition are surplusage, to be deleted when
Vedrani files an amended petition as directed.

III. Custody and Exhaustion

     To be eligible for habeas relief on his cognizable claims,
Vedrani must show for each claim: (1) that he is in custody; and

4

(2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle). Vedrani's status as a probationer satisfies the custody requirement.  See Levya v. Williams, 504 F.3d 357, 363 (3d Cir. 2007).  The exhaustion requirement remains at issue.

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted).  A habeas petitioner may fairly present a claim by doing any of the following:  "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the

federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'" <u>Dutil v. Murphy</u>, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted), <u>cert. denied</u>, ___ U.S. ___, 129 S. Ct. 2064 (2009); <u>cf.</u> <u>Martens v. Shannon</u>, 836 F.2d 715, 717 (1st Cir. 1988) (simply reciting facts underlying state claim, which might support either state or federal claim, is inadequate to constitute fair presentation of federal claim to state court).  In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that rely on federal law, or he articulated a state claim that is indistinguishable from one arising under federal law.  <u>See</u> <u>Nadworny v. Fair</u>, 872 F.3d 1093, 1099–1102 (1st Cir. 1989).  The petitioner has the burden of demonstrating that the state and federal claims are so similar that asserting only the state claim probably alerted the state court to the federal aspect of the claim.  <u>See</u> <u>id.</u> at 1100.

The record before me on exhaustion includes only information stated in Vedrani's petition.  The petition does not directly assert, let alone demonstrate, that the issues presented in the state court post–conviction proceedings were framed as federal

claims.  I conclude, therefore, that Vedrani has not carried his burden of demonstrating exhaustion of any of his federal claims.

A so-called mixed petition, containing both exhausted and unexhausted claims, is subject to being dismissed without prejudice, or, as appropriate, stayed to grant the petitioner an opportunity to exhaust all of his claims.  See Rhines v. Weber, 544 U.S. 269, 278-79 (2005).  Alternatively, a petitioner may be granted leave to file an amended petition that omits the unexhausted claims, see id., although choosing to forego unexhausted claims risks losing the chance to file these claims in a future habeas petition, due to the prohibition against second or successive habeas petitions under 28 U.S.C. § 2244(b).

Accordingly, Vedrani may not proceed in litigating the instant petition until he shows that he has exhausted each of the federal claims he intends to assert in federal court.  Vedrani may demonstrate exhaustion to this Court, for example, by amending his petition and attaching copies of any motions, notices of appeal, or other pleadings filed in the state courts that:  (1) cite pertinent federal cases, (2) refer to federal constitutional provisions, or (3) otherwise characterize his claims in a manner likely to have alerted the NHSC to the federal

aspects of each of his claims.

Conclusion

Vedrani is directed that, within thirty days of the date of this Order, he must:  (a) amend his petition to omit any references to the State Constitution that constitute surplusage; and (b) amend his petition to name William Wrenn, NH DOC Commissioner, and his probation officer as respondents; and (c), either –

1.    Amend his petition to demonstrate that each of his claims, including the federal nature of each claim, has in fact been exhausted; or, if a claim has not yet been exhausted,

2.    Elect, in writing, to forego each unexhausted claim, in which case the exhausted claims may be promptly served upon the respondents; or

3.    Move to stay this action so that he may return to the state courts to exhaust each unexhausted federal claim.

If Vedrani elects to stay this action and return to the state courts to complete exhaustion, he must file his claims in state court within thirty days of the date of this Order.  While this matter is stayed, Vedrani must notify this Court of the status of his state court matter every ninety days.  Once the New

Hampshire Supreme Court has issued a final decision, Vedrani must so notify this Court within thirty days of that decision, providing this Court, at that time, with complete copies of documents filed in the state courts demonstrating that each claim, including the federal nature of the claim, has been raised and exhausted.  Vedrani should also provide this Court with complete copies of any orders or opinions issued by the state courts relative to his claims.

Should Vedrani fail to amend his petition as directed, or otherwise fail to comply with this Order, the petition may be dismissed without prejudice for failure to demonstrate exhaustion.  See 28 U.S.C. § 2254(b).

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: October 7, 2009

cc:   Sven D. Wiberg, Esq.

JRM:nmd

9