UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Mark Vedrani</u>

    v.                                            Civil No. 09-cv-320-JL

<u>William Wrenn, Commissioner,
New Hampshire Department of
Corrections et al.</u>

### **ORDER**

Before the court is Mark Vedrani's amended petition for a writ of habeas corpus (doc. no. 3), filed pursuant to 28 U.S.C. § 2254, naming William Wrenn, Commissioner of the New Hampshire Department of Corrections (NH DOC), and John Clemmons, Vedrani's probation officer, as respondents.  As Vedrani is represented by counsel, the matter is before me to determine from the face of the petition whether to dismiss Vedrani's claims, or to direct service of the petition on the respondent.  <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules").

### Background

The following statement of facts and procedural history is derived from the petition.  In March 2008, Vedrani was convicted of one count of second degree assault under N.H. Rev. Stat. Ann. § 631:2, following a jury trial.  Vedrani is currently on probation pursuant to that conviction.  Vedrani's trial counsel

told him that he could not appeal his conviction, and Vedrani did not file a notice of appeal in the New Hampshire Supreme Court ("NHSC").

Thereafter, Vedrani obtained new counsel who filed two motions to vacate his conviction, citing trial court errors, misleading jury instructions, and ineffective assistance of counsel.  The state trial court denied both motions, as well as Vedrani's motion to reconsider.  In addition, Vedrani filed a petition for a writ of habeas corpus in the State Superior Court, asserting ineffective assistance of counsel.  That petition was denied.  Vedrani appealed all of these post-conviction rulings to the NHSC.  The NHSC declined the appeals.

Vedrani's section 2254 petition challenges the validity of his conviction and sentence on the following bases[1]:

> 1.   Vedrani received ineffective assistance of counsel, in violation of his rights under the Sixth and Fourteenth Amendments, because trial counsel:  (a) failed to file a notice of the affirmative defense of self-defense; (b) failed to consult with Vedrani regarding his theory of the case; (c) failed to request appropriate jury instructions; (d) failed to provide Vedrani with accurate information regarding his right to appeal; and (e) failed to file a notice of appeal.

---

[1]The identification of the claims set forth herein shall be considered for all purposes to be the claims raised in the § 2254 petition.  If Vedrani disagrees with this identification of the claims, he must move for reconsideration, or move to amend the petition.

2.   The jury instructions violated Vedrani's right to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments, in that (a) the instruction on the lesser included offense of simple assault included a higher mens rea than was charged in the indictment; and (b) the instructions omitted the lesser included offense of simple assault entered into by mutual consent.

3.   The denial of an evidentiary hearing and the lack of specific findings and rulings on Vedrani's state post-conviction proceedings violated Vedrani's right to due process under the Fifth and Fourteenth Amendments.

## Discussion

To be eligible for habeas relief, Vedrani must show for each claim: (1) that he is in custody; and (2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  See 28 U.S.C. § 2254(a) & (b).  Vedrani's status as a probationer satisfies the custody requirement, see Levya v. Williams, 504 F.3d 357, 363 (3d Cir. 2007), and the record before me indicates that Vedrani has exhausted each claim asserted in the amended petition.

## Conclusion

I hereby direct that the amended petition be served upon William Wrenn, NH DOC Commissioner, and John Clemmons, probation officer, who shall file an answer, motion, or other response to the allegations made therein.  See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition).  The

Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, copies of this Order and the amended habeas petition (doc. no. 3). Respondents shall file an answer, motion, or other response within thirty (30) days of the date of this Order. The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted. See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties. Such service is to be made by mailing the material to the parties' attorney(s).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  November 18, 2009

cc:    Sven D. Wiberg, Esq.

JRM:nmd